JOURNAL ENTRY and OPINION
{¶ 1} Appellant Herman Jennings appeals the trial court's bench trial decision, where the trial court found him guilty of aggravated assault. On appeal he assigns the following error for our review:
 {¶ 2} "I. The trial court based its verdict on insufficient evidence and its decision was against the manifest weight of the evidence."
 {¶ 3} Having reviewed the record and applicable law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 4} On January 23, 2004, the Cuyahoga County Grand Jury indicted Jennings on two counts of felonious assault, in violation of R.C. 2903.11. Jennings pled not guilty to the charges, waived his right to a jury trial, and tried his case to the court.
 {¶ 5} The victim, Earnest McCuller, testified that on October 31, 2003, he was at a family gathering in Cleveland, Ohio. At 9:00 P.M., he and his two cousins, Joseph Dunn and Betty Dunn Clay, went to the Open Pit Barbecue Restaurant to pick up a take-out order.
 {¶ 6} On the way back to the house, he saw a group of individuals standing on the corner of East 123rd and St. Clair Avenue. According to McCuller, he understood there had been an exchange earlier in the day between his cousin Betty and one of the individuals in the crowd. He thus advised Betty to ignore anything that would be said. Someone, whom McCuller later identified as Jennings, yelled at Betty saying: "I'm right here, you brought somebody down here for me, we can take care of this now."[1] McCuller assumed Jennings thought he was there to fight. McCuller ignored Jennings and kept walking back to the house.
 {¶ 7} However, Jennings followed, and when McCuller and his two cousins reached the first house on the block, Jennings confronted him. McCuller told Jennings he was not there to fight him. At that time, Jennings proceeded to take off his shirt as McCuller continued to walk away. Jennings then punched McCuller, which caused him to fall to the ground.
 {¶ 8} Thereafter, Jennings struck McCuller repeatedly in the face and upper body. Jennings' brother, Lavelle, joined in the fray and began hitting McCuller with a heavy black pole. Later, they pulled McCuller's jacket over his head and continued to punch and kick him. Finally, a passerby broke up the fight, and McCuller ran to his family's house.
 {¶ 9} When McCuller arrived at the house, his family, seeing his condition, called the emergency medical service. McCuller was transported to the hospital where he remained for five days. McCuller sustained a broken metacarpal, an orbital fracture, a detached retina, along with multiple head and eye lacerations.
 {¶ 10} Jennings took the stand in his own defense. According to Jennings, in the early evening of October 31, 2003, he was walking down the street with friends when seventeen-year-old Betty Clay Dunn, who weighed 170 pounds, jumped on his back. Jennings became upset and a confrontation ensued, with each calling the other derogatory names. Betty cried and told him she was going to get her brother.
 {¶ 11} Later that evening, Jennings was standing with a group of friends, when Betty's twelve-year-old brother, Joseph, pointed him out to McCuller. Jennings approached McCuller, who just stared at him. McCuller flinched, and in response, Jennings swung and punched him, causing him to fall to the ground. Thereafter, a tussle ensued between them. Finally, Jennings' brother, Lavelle, broke up the fight.
 {¶ 12} At the conclusion of the trial, the court found Jennings guilty of the lesser included offense of aggravated assault in count one of the indictment and dismissed the second count. On April 20, 2004, the trial court sentenced Jennings to a term of six months incarceration. Jennings now appeals.
 {¶ 13} In his sole assigned error, Jennings argues the verdict was based on insufficient evidence and was against the manifest weight of the evidence. We disagree.
 {¶ 14} A challenge to the sufficiency of evidence supporting a conviction requires the appellate court to determine whether the State met its burden of production at trial.[2] On review for legal sufficiency, the appellate court's function is to examine evidence admitted at trial and determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt.[3] In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution.[4]
 {¶ 15} R.C. 2903.12 defines the offense of aggravated assault as follows:
"(A) No person, while under the influence of sudden passion or in asudden fit of rage, either of which is brought on by serious provocationoccasioned by the victim that is reasonably sufficient to incite theperson into using deadly force, shall knowingly: (1) Cause seriousphysical harm to another * * *."
 {¶ 16} In the instant case, Jennings, even though unprovoked, pursued and confronted McCuller, then proceeded to repeatedly punch and kick him. As a result, McCuller suffered serious physical harm. The evidence was conclusive that the elements of aggravated assault were sufficiently proven.
 {¶ 17} Jennings also argues that his conviction for aggravated assault is against the manifest weight of the evidence. We disagree.
 {¶ 18} When an appellant challenges a conviction on manifest weight grounds, we review the record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, "and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[5] The discretionary power to grant a new trial should be exercised only in exceptional cases in which the evidence weighs heavily against the conviction.[6]
 {¶ 19} Stated succinctly, a reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all elements of an offense have been proven beyond a reasonable doubt.[7]
 {¶ 20} Here, Jennings contends the weight of the evidence required the trial court to return a not guilty verdict based on the affirmative defense of self-defense. We disagree.
 {¶ 21} To establish self-defense, defendant must show that he: (1) was not at fault in creating the situation giving rise to the affray; (2) had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) did not violate any duty to retreat or avoid the danger.[8]
 {¶ 22} Provocation, to be serious, must be reasonably sufficient to bring on extreme stress, and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surround him at the time.[9]
 {¶ 23} The facts of this case are quite to the contrary. Jennings pursued and confronted McCuller, who told him he was not there to fight. As McCuller continued to walk away, Jennings inflicted the first blow. These are not the actions of one in fear of imminent danger of death or great bodily harm. Rather, Jennings' actions were those of one emboldened by his crowd of supporters, which included his brother. Further, Jennings fails to cite to any facts in the record showing how he may have been seriously provoked. The fact that when confronted, McCuller stared at him and then flinched, does not give rise to serious provocation. Neither of these minor actions were reasonably sufficient, as a matter of law, to incite or arouse Jennings into repeatedly punching and kicking McCuller.
 {¶ 24} After reviewing the record, weighing the evidence and considering the credibility of the witnesses, we find that the fact finder did not lose its way. We find that there was substantial, competent, credible evidence upon which the fact finder could have found that Jennings was not acting in self-defense at the time of the assault.
 {¶ 25} Further, from the evidence adduced at trial, the fact finder could easily have concluded that Jennings was at fault in creating the situation giving rise to the affray. The fact finder was free to believe the State's witnesses over Jennings' own testimony.[10] Accordingly, we conclude Jennings' conviction for aggravated assault was not against the manifest weight of the evidence. Jennings' sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and McMonagle, J., Concur.
[1] Tr. at 23.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380.
[3] Id.; State v. Fryer (1993), 90 Ohio App.3d 37.
[4] Id at 43.
[5] State v. Martin (1983), 20 Ohio App.3d 172,175, citing Tibbs v.Florida (1982), 457 U.S. 31, 38, 42. See, also, State v. Thomkins
(1997), 78 Ohio St.3d 380.
[6] Martin, citing Tibbs. See, also, State v. Thomkins (1997),78 Ohio St.3d 380.
[7] State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus; State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
[8] State v. Williford (1990), 49 Ohio St.3d 247.
[9] State v. Mabry (1982), 5 Ohio App.3d 13.
[10] See State v. Thomas (Aug. 25, 1994), Cuyahoga App. No. 65300.